UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDYMAC VENTURE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SILVER CREEK CROSSING, LLC, et al.,<br><br>Defendants.<br>_____<br>SILVER CREEK CROSSING, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INDYMAC VENTURE, LLC, et al.,<br><br>Defendants. | C09-1069Z<br><br><br><br><br><br><br><br>C09-1222Z<br><br>ORDER |

THIS MATTER comes before the Court on various motions filed in the two cases captioned above. Having reviewed all papers filed in support of and in opposition to each motion, the Court now enters the following Order.

ORDER - 1

**Background**

In Case No. C09-1069Z, IndyMac Venture, LLC ("Lender") sues Silver Creek Crossing, LLC ("Borrower"), as well as Derek L. Brown & Associates, Inc., DLB & Associates, LLC, and Derek L. Brown (collectively, "Guarantors"),[1] alleging breach of guaranty, pursuant to which Guarantors are obligated to pay Borrower's indebtedness to Lender in the principal amount of $10,970,991, and seeking appointment of a receiver for the property securing the Borrower's indebtedness, which consists of five completed condominium units, twelve partially completed units, and ten undeveloped units in a complex in Bothell known as the Silver Creek Condominiums. Complaint at ¶¶ 1-5, 11-12, 24, 33-37, 39-44 (C09-1069Z, docket no. 1). Lender initiated this action in this Court on July 28, 2009.

On August 3, 2009, Borrower and Guarantors filed suit against Lender and Fidelity National Title Insurance Company ("Trustee"), in Snohomish County Superior Court, requesting that Lender and Trustee be enjoined from foreclosing the deed of trust on the condominiums at issue and that an evidentiary hearing be scheduled to address the validity of Lender's declaration of default on the obligation secured by the deed of trust. Complaint, Exh. 1 to Local Rule CR 101(b) Verification (C09-1222Z, docket no. 10). On August 28, 2009, Lender and Trustee timely removed the case to this Court on the ground of diversity. Notice of Removal at ¶¶ 2-5 (C09-1222Z, docket no. 1).

Lender now seeks dismissal of Case No. C09-1222Z pursuant to Rule 12(b)(6), while Borrower and Guarantors move to remand the matter to Snohomish County Superior Court. Borrower and Guarantors also move to dismiss Case No. C09-1069Z on the basis of abstention, so that the dispute between the parties may proceed solely in state court. Finally, Lender requests leave to amend both its Complaint in Case No. C09-1069Z and its Notice of

---

[1] Matrix Development Corporation was originally named as a defendant, but the claims against it have been voluntarily dismissed. Notice of Voluntary Dismissal (C09-1069Z, docket no. 28).

ORDER - 2

Removal in Case No. C09-1222Z to more accurately reflect Lender's membership structure. The motions to amend are unopposed.

**Discussion**

The Court is persuaded that the proper place to begin is with the Borrower's and Guarantors' motion to remand Case No. C09-1222Z. Borrower and Guarantors do not challenge the diversity of citizenship or the jurisdictional amount upon which Lender and Trustee based their removal. Instead, they assert that the non-judicial foreclosure initiated by Lender and/or Trustee constitutes a pending state action requiring this Court to abstain from jurisdiction. Borrower and Guarantors cite no authority for the proposition that a non-judicial foreclosure constitutes a court action within the meaning of the various abstention doctrines, and their argument is contradicted by the underlying purpose of deeds of trust and the statute governing them, which is to promote an efficient and inexpensive out-of-court foreclosure process. *See, e.g.*, *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 169, 189 P.3d 233 (2008) (discussing RCW Chapter 61.24). Thus, the Court does not view the Lender's or Trustee's activities associated with non-judicial foreclosure as concurrent state court litigation.

Borrower and Guarantors also contend that Lender may not circumvent the abstention doctrines by removing the state action at issue to federal court. They seem to suggest that, because they had already moved to dismiss Lender's federal action (Case No. C09-1069Z) on abstention grounds, the Court should, for purposes of abstention analysis, treat the removed case (Case No. C09-1222Z) as still proceeding in state court. For support, they cite *Huth v. Hartford Ins. Co.*, 298 F.3d 800 (9th Cir. 2002). *Huth*, however, is distinguishable. In *Huth*, an insurer, seeking to deny coverage, filed a declaratory judgment action in federal court. The insured later instituted a declaratory judgment action in state court, claiming that she was entitled to coverage. The insurer removed the state action to federal court on the basis of diversity, and the two cases were consolidated. The federal court subsequently

ORDER - 3

declined to exercise jurisdiction under the Declaratory Judgment Act ("DJA") and remanded the matter to state court. The Ninth Circuit affirmed.

Contrary to Borrower's and Guarantors' contention, <u>Huth</u> does not justify remand of Case No. C09-1222Z. In <u>Huth</u>, remand was not premised on abstention in light of concurrent litigation in state court, but rather on a federal court's discretion under the DJA to decline to exercise jurisdiction. <u>See</u> 298 F.3d at 802 ("The exercise of jurisdiction under . . . 28 U.S.C. § 2201(a)[ ] is committed to the sound discretion of the federal district courts. . . . Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case."). <u>Huth</u> is not on point because the Complaints currently before the Court do not assert any claims under the DJA and do not seek declaratory judgment.

Moreover, at least one Circuit has rejected Borrower's and Guarantors' theory that removal leaves behind a state proceeding relevant to abstention analysis. <u>See</u> <u>Village of Depue, Ill. v. Exxon Mobil Corp.</u>, 537 F.3d 775 (7th Cir. 2008). In <u>Village of Depue</u>, the plaintiff sought remand to state court pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971), which "requires federal courts to abstain from taking jurisdiction over . . . claims that involve or call into question ongoing state proceedings." 537 F.3d at 783 (quoting <u>FreeEats.com, Inc. v. Indiana</u>, 502 F.3d 590, 595 (7th Cir. 2007)). The plaintiff asserted that, even after removal of the action from state court, the state proceeding remained pending and conflicted with the same, removed action, now in federal court. The Seventh Circuit refused to accept this argument, holding that "[t]he mere fact that a case *could* be heard in state court is insufficient to justify *Younger* abstention" and that "[r]emoval under 28 U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit *Younger* abstention." <u>Id.</u> (emphasis in original).

The Court is satisfied that no concurrent state action involving these parties is currently pending. Case No. C09-1222Z was properly removed on the basis of diversity jurisdiction, and no valid ground for remanding it has been demonstrated. Because no state

ORDER - 4

litigation between these parties is ongoing, the abstention doctrines to which Borrower and Guarantors refer do not apply. *See Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) ("The [Colorado River] doctrine is 'available only 'in situations involving the *contemporaneous* exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.'" (quoting *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 637-38 (9th Cir. 1989) (emphasis in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)))); *see also AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) (indicating that the first requirement of *Younger* abstention is "ongoing state judicial proceedings"). Thus, both Case No. C09-1069Z and Case No. C09-1222Z shall remain in this Court.

With regard to the Complaint in Case No. C09-1222Z, Borrower and Guarantors appear to concede that it does not contain sufficient factual allegations to establish a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The Complaint is only three pages long, has four paragraphs identifying the parties and some of the relevant documents, two paragraphs describing the relief requested, and one paragraph stating in conclusory fashion that:

> Silver Creek and the Alleged Guarantors dispute the declaration of default under the Trust Deed pursuant to RCW 61.24.130, allege that the Trust Deed is not in default and affirmatively allege that Silver Creek is the holder of set off, recoupment rights and counterclaims that exceed the indebtedness secured by the Trust Deed.

Complaint at ¶ 5, Exh. A to Notice of Removal (C09-1222Z, docket no. 1). In their response to Lender's motion to dismiss, Borrower and Guarantors offer no defense of their Complaint. Instead, they indicate that they are "prepared to timely and appropriately cure any defects in their Complaint." Response at 4 (docket no. 24). They will need to do so.

///

///

///

ORDER - 5

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) IndyMac Venture, LLC's motion for leave to amend complaint, Case No. C09-1069Z, docket no. 16, is STRICKEN; leave of the Court is not required when a responsive pleading has not yet been served; <u>see</u> Fed. R. Civ. P. 15(a)(1)(A); the Amended Complaint filed with IndyMac Venture, LLC's motion, specifically Exhibit A thereto, docket nos. 16-2 through 16-4, shall be deemed served and filed as of the date of this Order; the Clerk is directed to modify the description for docket no. 16 to read "AMENDED COMPLAINT";

(2) IndyMac Venture, LLC's motion for leave to amend notice of removal, Case No. C09-1222Z, docket no. 14, is STRICKEN; any corrections or explanations concerning IndyMac Venture, LLC's membership structure may be included in any responsive pleading;

(3) The motion for remand brought by Silver Creek Crossing, LLC, Derek L. Brown & Associates, Inc., DLB & Associates, LLC, and Derek L. Brown, Case No. C09-1222Z, docket no. 19, is DENIED;

(4) The motion to dismiss brought by Silver Creek Crossing, LLC, Derek L. Brown & Associates, Inc., DLB & Associates, LLC, and Derek L. Brown, Case No. C09-1069Z, docket no. 11, is DENIED; any responsive pleading in Case No. C09-1069Z shall be served and electronically filed within thirty (30) days of the date of this Order; <u>cf.</u> Fed. R. Civ. P. 12(a)(4)(A);

(5) IndyMac Venture LLC's motion to dismiss pursuant to Rule 12(b)(6), Case No. C09-1222Z, docket no. 5, is GRANTED; the Complaint in Case No. C09-1222Z is DISMISSED without prejudice and with leave to amend; any amended complaint shall be served and electronically filed within thirty (30) days of the date of this Order;

///

///

ORDER - 6

(6) Within ten (10) judicial days after the amended complaint is filed in C09-1222Z, or by December 15, 2009, whichever occurs earlier, the parties shall SHOW CAUSE why these two cases should not be consolidated;

(7) On or before December 15, 2009, the parties shall submit an omnibus joint status report as to both cases, filed in both cases, setting forth a discovery plan, as well as proposed dates for the completion of discovery, the filing of any dispositive motions, and trial; and

(8) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 3rd day of November, 2009.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 7